IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William V. Jamison, | ) C/A No. 5:11-1258-MBS-PJG |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **REPORT AND** |
| Anne Gue Jones, | ) **RECOMMENDATION** |
| | ) |
| Defendant. | ) |
| _____ | ) |

The plaintiff, William V. Jamison, ("Plaintiff"), proceeding *pro se*, brings this action

pursuant to 42 U.S.C. § 1983.  This matter is before the court pursuant to 28 U.S.C.

§ 636(b) and Local Civil Rule 73.02(B)(2) DSC.  Plaintiff is a pretrial detainee at the

Orangeburg Calhoun Regional Detention Center ("OCRDC") in Orangeburg, South

Carolina, and files this action *in forma pauperis* under 28 U.S.C. § 1915.  Having reviewed

the Complaint in accordance with applicable law, the court concludes that it should be

summarily dismissed.

## BACKGROUND

Plaintiff's Complaint reveals that this civil rights action arises out of Plaintiff's arrest

for failure to pay child support.  Plaintiff states that on February 26, 2011, he was stopped

at a license checkpoint.  The license check revealed that Plaintiff had a bench warrant for

failure to pay child support.  On February 28, 2011, Plaintiff was taken before the

Honorable William J. Wylie, Jr., who sentenced Plaintiff to one hundred eighty days in jail

or payment of four thousand dollars ($4,000) plus five percent.

Plaintiff wrote to the Honorable Anne Gue Jones, a family court judge, and

contended that his incarceration constituted double jeopardy because Plaintiff had been

previously ordered by Judge Jones on December 8, 2010, to serve ninety days or pay

$1,000 plus five percent.  Plaintiff was apprised that Judge Jones let Judge Wylie's order "stand" because Plaintiff had not complied with the order of December 8, 2010.[1]  In his prayer for relief, Plaintiff seeks "Compensation for Lost Wages/Pain & Suffering Time of excess incarceration[.]"

Exhibits appended by Plaintiff to the Complaint indicate that Judge Wylie found that Plaintiff was in civil contempt of court and had an arrearage of $7,969.41 (ECF No. 1-1, at 2-3).  Judge Jones's April 13, 2011 order stated that Judge Wylie's order of February 28, 2011, "remains as ordered with incarceration time provided and terms for release as set for that order."  (ECF No. 1-1, at 5).  The Plaintiff's  case in the family court is SCDSS/Gamble v. William V. Jamison, Case No. 2006-DR-38-618.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents:  Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

---

[1]Plaintiff, however, discloses that, because he did not have the money to pay the child support, he turned himself into the "Orangeburg County Detention Center" on December 29, 2010.  Plaintiff states that he was then told that there was no warrant in the "system" for his arrest.

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[2] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such pro se complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements

---

[2] Screening pursuant to § 1915A is subject to this standard as well.

under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

The family court for Orangeburg County is a court in the State of South Carolina's unified judicial system. See S.C. CONST. art. V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); City of Pickens v. Schmitz, 376 S.E.2d 271, 272 (1989); Spartanburg Cnty. Dep't of Soc. Serv. v. Padgett, 370 S.E.2d 872, 875-76 & n.1 (1988); Cort Indus. Corp. v. Swirl, Inc., 213 S.E.2d 445, 446 (1975). South Carolina Family Court Judges are judges in the State of South Carolina's unified judicial system. See, e.g., In the Matter of Mendenhall, 447 S.E.2d 858 (1994).

Since Judge Jones was acting in her official capacity when she issued orders on December 8, 2010, and on April 13, 2011 in Case No. 2006-DR-38-618, she is immune from suit in the above-captioned civil rights action. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-64 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is

absolutely immune from a claim for damages arising out of his judicial actions."); see also Siegert v. Gilley, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"); accord Bolin v. Story, 225 F.3d 1234 (11th Cir. 2000) (discussing judicial immunity of United States District Judges and United States Circuit Judges).

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 20, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).