IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William V. Jamison, ) | |
| ) | C/A No. 5:11-1258-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Anne Gue Jones, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

At the time of the underlying events, Plaintiff William V. Jamison was detained at the Orangeburg County Detention Center in Orangeburg, South Carolina. Plaintiff, proceeding pro se, alleges this incarceration constituted double jeopardy in violation of his constitutional rights. Thus, Plaintiff brings this action pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. On June 20, 2011, the Magistrate Judge issued an order directing Plaintiff to notify the Clerk of Court in writing of any change in address. In addition, on June 20, 2011 the Magistrate Judge issued a Report and Recommendation in which she recommended that the complaint be summarily dismissed because Defendant Jones, a family court judge, is entitled to absolute judicial immunity. Both the order and Report and Recommendation were returned to the Clerk's Office on June 27, 2011, marked "RTS - INMATE NOT IN JAIL OR OUT OF JAIL - REL 5-31-11."

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is

made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The court is unable to ascertain Plaintiff's whereabouts. Because Plaintiff has not been informed of his duty to notify the court of any change in address and of his right to file objections to the Report and Recommendation, the court declines to adopt the Report and Recommendation. See Townsend v. Rogers, 103 F. App'x 712, 713 (4th Cir. 2004) (when a litigant is proceeding pro se, he must be given fair notice of the consequences of failing to object before a procedural default will result) (citing Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985)). The case is dismissed, *without prejudice*. See Fed. R. Civ. P. 41(b) (providing for involuntary dismissal if plaintiff fails to prosecute).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

July 14, 2011.

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**